IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| DAMON JOSHUA SIMS, #1066143 | § | |
| VS. | § | CIVIL ACTION NO. 6:20cv397 |
| DIRECTOR, TDCJ-CID | § | |

<u>REPORT AND RECOMMENDATION</u>
<u>OF THE UNITED STATES MAGISTRATE JUDGE</u>

Petitioner Damon Joshua Sims, a former prisoner currently confined within the Texas Department of Criminal Justice (TDCJ), proceeding *pro se*, filed this habeas action. The case was referred to the undersigned United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the petition. For reasons explained below, the Court recommends that the petition be dismissed for several reasons and that Petitioner be denied a certificate of appealability *sua sponte*.

**I. Sims's Habeas Petition**

In his petition, (Dkt. #1), Sims explains that he is challenging the refusal of time credits. He maintains that TDCJ "has steadfastly refused to award court ordered time credits" after a Nunc Pro Tunc order was entered granting him time credits. Sims explains that the court credited time from November 22, 2000, to March 23, 2001, then from May 29, 2002, to November 2, 2002, and July 3, 2013, to August 29, 2013. However, he contends, TDCJ is refusing to correctly calculate these time credits granted by court order. He attached a TDCJ time-credit sheet—dated March 8, 2019—which was generated in response to the Nunc Pro Tunc order. Sims seeks an order crediting him with 344 days of jail credit.

**II. Respondent's Answer and Sims's Response**

After being ordered to do so, Respondent filed an answer addressing Sims's petition, (Dkt. #9). Respondent argues that TDCJ received a Nunc Pro Tunc order regarding a correction for time served on March 8, 2019; TDCJ then adjusted Sims's time credits to reflect the court's order—rendering his claims meritless. Moreover, Respondent asserts that his federal petition is both unexhausted and untimely.

In response, (Dkt. #11), Sims contends that his petition is exhausted because he filed a petition for a writ of mandamus in the state court. He also explains that he "does not argue for equitable tolling as there is no need" because he was not granted jail credit from August 4, 2015, when a parole revocation warrant was issued until February 24, 2016, when parole was revoked.

**III. Standard of Review**

The role of federal courts in reviewing habeas petitions filed by state prisoners is exceedingly narrow. A prisoner seeking federal habeas corpus review must assert a violation of a federal constitutional right; federal relief is unavailable to correct errors of state constitutional, statutory, or procedural law unless a federal issue is also present. *See Lowery v. Collins*, 988 F.2d 1364, 1367 (5th Cir. 1993); *see also Estelle v. McGuire*, 503 F.3d 408, 413 (5th Cir. 2007) ("We first note that 'federal habeas corpus relief does not lie for errors of state law.'") (internal citation omitted). When reviewing state proceedings, a federal court will not act as a "super state supreme court" to review error under state law. *Wood v. Quarterman*, 503 F.3d 408, 414 (5th Cir. 2007).

Federal habeas review of state court proceedings is governed by the Antiterrorism and Effective Death Penalty Act (AEDPA) of 1996. Under the AEDPA, which imposed several habeas corpus reforms, a petitioner who is in custody "pursuant to the judgment of a State court" is not

entitled to federal habeas relief with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—

> 1. resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established law, as determined by the Supreme Court of the United States; or
>
> 2. resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d). The AEDPA imposes a "highly deferential standard for evaluating state court rulings," which demands that federal courts give state court decisions "the benefit of the doubt." *See Renico v. Lett*, 559 U.S. 766, 773 (2010) (internal citations omitted); *see also Cardenas v. Stephens*, 820 F.3d 197, 201-02 (5th Cir. 2016) ("Federal review under the AEDPA is therefore highly deferential: The question is not whether we, in our independent judgment, believe that the state court reached the wrong result. Rather, we ask only whether the state court's judgment was so obviously incorrect as to be an objectively unreasonable resolution of the claim."). Given the high deferential standard, a state court's findings of fact are entitled to a presumption of correctness and a petitioner can only overcome that burden through clear and convincing evidence. *Reed v. Quarterman*, 504 F.3d 465, 490 (5th Cir. 2007).

**IV. Discussion and Analysis**

As an initial matter, the Texas Department of Criminal Justice has confirmed that Sims was released from imprisonment—onto parole. The Court notes that Sims has not provided notice of a change of address indicating his release from imprisonment. His failure to file an updated address shows his failure to prosecute his case. *See Martinez-Reyes v. United States*, 2016 WL 8740494 *4 (S.D. Tex.—McAllen, Oct. 10, 2016) (explaining that, generally, "litigants, including prisoners, bear the burden of filing notice of a change of address in such a way that will bring attention of

the court to address change.") (quoting *Theede v. U.S. Dep't of Labor*, 172 F.3d 1262, 1267 (10th Cir. 1999)).

Sims's habeas petition suffers from additional flaws. Release from imprisonment and onto parole arguably renders this habeas petition moot. *See, e.g.*, *Watkins v. Garrett*, 514 F. App'x 443, 444 (5th Cir. 2013) (unpublished); *see also Watkins v. Vasquez*, 451 F. App'x 429, 429-30 (5th Cir. 2011) (unpublished) (affirming the district court's dismissal of a section 2241 habeas petition challenging a federal, prison disciplinary matter because petitioner had been released from imprisonment); *Bailey v. Southerland*, 821 F.2d 277, 278-79 (5th Cir. 1987) (holding that former federal prisoner's appeal seeking expungement of disciplinary reports and restoration of good-time credit moot because court could not provide relief after release, and prisoner did not allege future adverse consequences); *Grimes v. Thaler*, 2011 WL 1633134, at *1 (N.D. Tex. Mar. 31, 2011) ("In this case, Petitioner did not attack her conviction. Rather, she sought a more speedy release from custody, claiming Respondent had improperly calculated her sentence and failed to give her 100 days of pre-sentence jail credits. Her release from custody renders moot her request for pre-sentence jail time credits and earlier release.").

Here, Sims's petition and attachments concern time credits. He does not allege future adverse consequences stemming from his conviction. Accordingly, notwithstanding his continued parole, Sims's habeas petition is moot. *See Herndon v. Upton*, 985 F.3d 443 (5th Cir. 2021) ("We agree with the district court that Herndon's release mooted her § 2241 petition, notwithstanding her continued supervision, because there was no longer a live case or controversy for which any relief could be granted. Herndon had already received the sole relief sought in her petition: release from confinement.").

Moreover, as Respondent maintains, Sims's petition is both unexhausted and untimely. A state prisoner must exhaust all remedies available in state court before proceeding in federal court unless circumstances exist which render the state corrective process ineffective to protect prisoner's rights. *See* 28 U.S.C. § 2254(b) & (c). To exhaust properly, a petitioner must "fairly present" all of his claims to the state court. *See Picard v. Connor*, 404 U.S. 270 (1971) ("Accordingly, we have required a state prisoner to present the state courts with the same claim he urges upon the federal court."); *Nobles v. Johnson*, 127 F.3d 409, 420 (5th Cir. 1997). In Texas, all claims must be presented to and ruled on by the Texas Court of Criminal Appeals. *See Richardson v. Procunier*, 762 F.2d 429 (5th Cir. 1985); *Deters v. Collins*, 985 F.2d 789 (5th Cir. 1993). Exhaustion is mandatory. Furthermore, a prisoner must file a habeas petition within one year of the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States if removed, if the applicant was prevented from filing such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Section 2244 imposes a general one-year statute of limitations.

Generally, a case is final when a judgment of conviction is entered, the availability of an appeal is exhausted, and the time for filing a petition for certiorari has lapsed or the certiorari petition is actually denied. *See Roberts v. Cockrell*, 319 F.3d 690, 693-95 (5th Cir. 2003) (explaining that finality is determined by expiration of time for filing further appeals). If a habeas

petitioner has pursued direct relief through a state's highest court—which, here, would be the Texas Court of Criminal Appeals through a petition for discretionary review—then his conviction becomes final when the ninety-day time period for which to file a timely petition for a writ of certiorari expires with the Unites States Supreme Court. *See Foreman v. Dretke*, 393 F.3d 336, 338 (5th Cir. 2004).

Moreover, the time period for filing a timely petition is tolled while a state habeas application, post-conviction motion, or other application for collateral review is pending. *See* 28 U.S.C. § 2244(d)(2) ("[t]he time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim pending shall not be counted toward any period of limitation under this subsection.").

Here, by Sims's own admission, he did not file a habeas application under Article 11.07 in the Texas state court concerning his time-credit claims. Respondent further attached an affidavit from the Deputy Clerk at the Texas Court of Criminal Appeals, (Dkt. #9, pg. 26), attesting that Sims failed to file a 11.07 habeas application. He therefore failed to exhaust his required state court remedies—and his petition should be dismissed.

Moreover, the record reflects that the state court entered the Nunc Pro Tunc order awarding jail credits on February 27, 2019, (Dkt. #1, pg. 12). By his own admission, Sims did not file a state habeas action or a collateral proceeding with the Texas Court of Criminal Appeals. His federal petition regarding this time-credit dispute was therefore due no later than March 27, 2020— thereby rendering this July 9, 2020, federal petition untimely. A mandamus petition is not a collateral proceeding. *See Charleston v. Quarterman*, 243 F. App'x 859, 860 (5th Cir. 2007) ("Because Charleston's [] mandamus petition, which sought an order compelling the trial court to rule on a pending motion for discovery, did not seek review of the judgment pursuant to which he

is incarcerated, it did not constitute other collateral review for purposes of 28 U.S.C. §2244(d)(2) and did not toll the limitation period.").

Statutory tolling does not save Sims's petition. He insists that his filing of a petition for a writ of mandamus satisfies both the exhaustion and tolling provisions. However, as Respondent highlights, a mandamus petition is not the proper mechanism to raise time-credit disputes. Under Texas law, the proper mechanism for reviewing the fact or duration of imprisonment is through an Article 11.07 application for habeas corpus. *See Moore v. Cain*, 298 F.3d 361, 367 (5th Cir. 2002) (finding that a mandamus petition did not toll the limitations period because other remedies were available); *Hurley v. Quarterman*, 2007 WL 1435272, at *2 (N.D. Tex. May 16, 2007) ("A petitioner challenging his time credit must exhaust remedies under both § 501.0081 of the Texas Government Code and section 11.07 of the Texas Code of Criminal Procedure before filing a federal habeas petition."); Tex. Code Crim. Proc. Ann. art. 11.07.

The Court has determined that Sims is not entitled to equitable tolling. Under the AEDPA, the one-year statute of limitations period may be equitably tolled only if the petitioner demonstrates that (1) "he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" and prevented timely filing. *See Holland v. Florida*, 560 U.S. 631, 649 (2010); *Palacios v. Stephens*, 723 F.3d 600, 604 (5th Cir. 2013). Furthermore, the doctrine of equitable tolling is available in only the most rare and exceptional circumstances, particularly when the plaintiff is "actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *See Flores v. Quarterman*, 467 F.3d 484, 486 (5th Cir. 2000) (quoting *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999)).

Here, not only does Sims specifically state that there is "no need" for equitable tolling, but the record also reflects that he failed to pursue his rights diligently—as even if the factual predicate

7

for timeliness expired on March 8, 2020 (one year after Sims received a response from TDCJ about his time credits after the order was entered), he still waited months before filing this federal petition. Moreover, given that he failed to properly exhaust his state court remedies by filing a mandamus petition, ignorance of the law does not entitle a him to equitable tolling. *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999) ("[I]gnorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing."). Accordingly, Sims's petition is both unexhausted and untimely.

**V. Certificate of Appealability**

A state prisoner whose petition for a writ of habeas corpus is denied by a federal district court does not enjoy an absolute right to appeal." *Buck v. Davis*, 137 S. Ct. 759, 773 (2017). Instead, under 28 U.S.C. § 2253(c)(1), he must first obtain a certificate of appealability ("COA") from a circuit justice or judge. *Id.* Although Petitioner has not yet filed a notice of appeal, the court may address whether he would be entitled to a certificate of appealability. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (A district court may *sua sponte* rule on a certificate of appealability because "the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before the court. Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A certificate of appealability may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To make a substantial showing, the petitioner need only show that "jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). The

8

Supreme Court recently emphasized that the COA inquiry "is not coextensive with merits analysis" and "should be decided without 'full consideration of the factual or legal bases adduced in support of the claims.'" *Buck*, 137 S. Ct. 773 (quoting *Miller-El*, 537 U.S. at 336). Moreover, "[w]hen the district court denied relief on procedural grounds, the petitioner seeking a COA must further show that 'jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Rhoades v. Davis*, 852 F.3d 422, 427 (5th Cir. 2017) (quoting *Gonzalez v. Thaler*, 565 U.S. 134, 140-41 (2012)).

Here, Sims failed to present a substantial showing of a denial of a constitutional right or that the issues he has presented are debatable among jurists of reason. He also failed to demonstrate that a court could resolve the issues in a different manner or that questions exist warranting further proceedings. Accordingly, he is not entitled to a certificate of appealability.

## RECOMMENDATION

For the foregoing reasons, it is recommended that the above-styled petition for a writ of habeas corpus be dismissed, without prejudice, as time-barred, for the failure to prosecute, and for the failure to exhaust required state court remedies. In the alternative, it is recommended that the petition be denied, without prejudice, as moot. Finally, Petitioner Sims should be denied a certificate of appealability *sua sponte*.

Within fourteen (14) days after receipt of the Magistrate Judge's Report, any party may serve and file written objections to the findings and recommendations contained in the Report.

A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to

factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

So ORDERED and SIGNED this 3rd day of May, 2023.

_____
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE